**In re ESTATE OF ELSIE T.**

Supreme Judicial Court of Maine.

Submitted May 7, 1990.
Decided May 16, 1990.

John M. Pluto, Van Buren, for plaintiff.

Richard D. Solman, Caribou, Guardian ad Litem.

L. James Lavertu, Madawaska, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN and
CLIFFORD, JJ.

ROBERTS, Justice.

 A daughter of Elsie T. appeals from the order of the Aroostook County Probate Court (*Woodcock, J.*) appointing two other daughters as co-guardians of Elsie T. The only issue we consider is whether one of the co-guardians is disqualified from serving by virtue of 18–A M.R.S.A. § 5–311(c) (Supp.1989). We conclude that she is disqualified and accordingly vacate the order.

The appellant contends that her sister is disqualified from serving as a co-guardian by the express language of section 5–311(c), which provides in pertinent part as follows:

> No owner, proprietor, administrator, employee or other person with a substantial financial interest in a facility or institution which is licensed ... may act as guardian of an incapacitated person who is a resident....

The court acknowledged that the sister is a licensed practical nurse employed by the nursing home to which Elsie T. will be moved. The court concluded, nevertheless, that she was not disqualified because there was no evidence that she had any financial interest in the home, citing *Estate of Peter C.*, 488 A.2d 468 (Me.1985). After our decision in *Peter C.*, however, the Legislature amended the statute to make clear that persons rather than facilities or institutions are barred. P.L.1985, c. 770, § 1. The limiting language "with a substantial financial interest" is intended to modify only "other persons." Any employee, therefore, is disqualified by the statute as amended.

Because we vacate the order of appointment, we need not address the appellant's second issue and we express no opinion on that issue.

The entry is:

Order of appointment of co-guardians vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.